■ FRED G. HEYDT CONSTRUCTION CO., INC., Respondent, v. BARNEY UYDESS et al., Appellants.— Order, entered March 2, 1962, granting plaintiff's motion for leave to amend the *ad damnum* clause of the first cause of action in its complaint by adding a claim to punitive damages, unanimously reversed, on the law, on the facts, and in the exercise of discretion, with $20 costs and disbursements to the appellants, and the motion denied, with leave to renew upon submission of a satisfactory affidavit of merits. The first cause of action, sounding in fraud, sought damages in the sum of $11,858.67. Some three years after joinder of issue, and when the case had been reached for trial and assigned to a Trial Part,

plaintiff sought to add $100,000 to its claim by way of punitive damages. In so moving, plaintiff relied on *Walker* v. *Sheldon* (10 N Y 2d 401), which on the facts asserted in the complaint authorized the imposition of such damages on "those who deliberately and coolly engage in a far-flung fraudulent scheme, systematically conducted for profit" (p. 406). To bring the defendants within the ambit of that decision, plaintiff's proposed amendment merely asserts in the *ad damnum* clause the existence of a "virtually immoral and larcenous scheme of these defendants to trap generally the unwary" — an adaptation of language which the Court of Appeals quoted with approval from this court's memorandum (12 A D 2d 456). But the factual allegations of the complaint, drawn long before *Walker* v. *Sheldon* was decided, remain unchanged, nor does plaintiff make any showing of merits to justify its proposal, at this belated stage, of an eight-fold increase of the *ad damnum* clause under the doctrine it seeks to invoke. In seeking leave to plead in such general and conclusory form the requirement of a comprehensive affidavit of merits, setting forth fully the evidence warranting the imposition of punitive damages, becomes especially imperative. If, on renewal, plaintiff's motion should be granted, we may add that it seems but fair to allow defendants a further pretrial examination. Concur — Botein, P. J., Stevens, Eager, Steuer and Bergan, JJ.